UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   CV 22-6523-SPG (KSx) | Date: June 8, 2023 |
| Title   *Deonta Jackson v. City of Los Angeles et al.* | |

Present: The Honorable:   Karen L. Stevenson, Chief Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:           Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: SANCTIONS AND SETTING DISCOVERY STATUS CONFERENCE**

Counsel for Plaintiff, Narine Mkrtchyan ("Counsel"), is ORDERED TO SHOW CAUSE why sanctions should not be imposed for the repeated failure to follow the Central District of California's Local Civil Rules and the Court's discovery procedures. Specifically, Counsel has made numerous attempts to improperly seek the Court's immediate intervention in deposition disputes by emailing the Court's Courtroom Deputy ("CRD") instead of bringing matters to the Court's attention by appropriate application or motion filed in compliance with the Local Rules and the Court's discovery procedures.

### RELEVANT FACTUAL BACKGROUND

On May 9, 2023, the Court held a hearing on Plaintiff's *Ex Parte* Application for Resumption of Deposition of Third-Party Witness Deputy District Attorney Cernok and to Compel Depositions of Other Third-Party Witnesses. (Dkt. No. 38.) At the hearing, the Court expressly denied Counsel's request that all further depositions be completed in the presence of a judicial officer. (*Id.* at 1.) However, "to expedite resolution of any disputes during further depositions," the Court ordered the depositions of the Third-Party witnesses to take place at the Roybal Federal Courthouse, 255 East Temple Street, Los Angeles, California 90012, in the Attorney Work Room, on May 12 and 16, 2023. (*Id.* at 2.)

On May 12, 2023, at 10:49 a.m., Counsel sent an email to the Court's CRD with a cc to counsel for Defendant City of Los Angeles and no other defendants. The email informally stated,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-6523-SPG (KSx)                                                   Date: June 8, 2023

Title    _Deonta Jackson v. City of Los Angeles et al._

"We wanted to get the magistrate involved" because a witness being deposed was ostensibly "evading and not providing with direct answers to a direct questions [sic] posed to her and argues with counsel." On that occasion, the CRD informed Counsel that the Judge would be available for a discovery conference in the afternoon; counsel later emailed to say no discovery conference was necessary but that she would "request potential monitoring" for what was an upcoming deposition.

On May 16, 2023, Counsel again emailed the CRD with an informal request for "court interference this afternoon for our deposition," again cc'ing only counsel for Defendant City of Los Angeles. At that time, the CRD informed Counsel that Judge Stevenson was engaged in trial and would not be available for a discovery conference. Later that afternoon, Counsel again emailed the CRD – this time cc'ing counsel for additional defendants – arguing the merits of her dispute with a deposition witness, and complaining that "[b]ecause the Court was not available this afternoon to interfere, Plaintiff could not continue a meaningful deposition . . . Plaintiff would like to know when the court is next available to hold a hearing and will be filing an ex parte application prior to the hearing to resume" the deposition at issue.

On May 18, 2023, Counsel filed a related _ex parte_ application, two defendants filed oppositions the same day, and the Court ruled on the application three court days later, denying the ex parte application without prejudice. (Dkt. Nos. 39-42.)

On May 23, 2023, Counsel again informally emailed the CRD requesting the "Court's interference on the subject of Plaintiff's Ex Parte Application which was denied today." Counsel stated that she filed the application "only after I did not hear back from you in response," and sought permission to file a motion to compel if the Court was unavailable to hold an informal discovery conference on the already-decided _ex parte_ application. Plaintiff also stated that she was "being prejudiced with these delays to conduct depositions" despite the fact that District Judge Garnett's fact discovery cutoff was not until October 31, 2023. (Dkt. No. 25-1.)

On June 6, 2023, Counsel again emailed the CRD complaining about limited accommodations in the courthouse for her depositions and citing a disagreement between the parties as to where the remainder of a deposition should take place. Counsel requested that the Court "conduct an informal conference on the subject of depositions and the location" and inform Counsel if a courtroom is available. Counsel added that "in light of the history, I expect there will be issues and I would be contacting you for court's input and mediation," and that Plaintiff "needs Court's continued involvement in finishing discovery."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 22-6523-SPG (KSx)                      Date: June 8, 2023

Title     *Deonta Jackson v. City of Los Angeles et al.*

The fact discovery cut-off in this civil rights action is October 31, 2023. (*See* Dkt. No. 25-1.)

**RELEVANT LEGAL BACKGROUND**

Local Rule L.R. 83-2.5 provides as follows:

> **Communications with the Judge.** Attorneys or parties to any action or proceeding shall refrain from writing letters to the judge, sending e-mail messages to the judge, making telephone calls to chambers, or otherwise communicating with a judge in a pending matter unless opposing counsel is present. All matters must be called to a judge's attention by appropriate application or motion filed in compliance with these Local Rules.

As it concerns discovery disputes, the Federal Rules of Civil procedure and the Central District's Local Rules provide counsel with two options for contacting the Court: (1) after a prefiling conference, counsel may file a noticed motion to compel in joint stipulation format (*see* Fed. R. Civ. P. 37(a); L.R. 37-1, 37-2); or (2) counsel may file a properly-noticed *ex parte* application in more urgent matters. L.R. 7-19. Additionally, this Court's procedures, available at http://www.cacd.uscourts.gov/honorable-karen-l-stevenson, reiterate that "[s]trict compliance with Local Rule 37 is required" in filing discovery motions.

Further, while the Court's procedures provide for a mandatory pre-motion telephonic conference, "and within twenty-four hours of the last conference, the movant must e-mail the CRD seeking a telephone conference with the Court to discuss the discovery dispute," such an email must include: "(1) at least three proposed times mutually agreed upon by the parties for the telephone conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must cc: opposing counsel on the e-mail." The Court's procedures also expressly provide that the pre-motion telephonic conference procedure "**does not** apply to ex parte applications." (Emphasis in original.) Nor does the Court's procedures provide for general informal email communications with the Court or Court staff regarding ongoing discovery disputes.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-6523-SPG (KSx)                                        Date: June 8, 2023

Title   _Deonta Jackson v. City of Los Angeles et al._


**<u>DISCUSSION</u>**

None of Counsel's email communications directed to the Court's CRD seeking to resolve deposition disputes have been in compliance with the Local Rules or the Court's written procedures.  *See* L.R. 7-19, 37, 83-2.5.  Email requests for relief are procedurally improper and this should be well understood by an experienced federal court practitioner, such as Plaintiff's counsel.  Also improper are Counsel's informal ex parte efforts to have to the Court's "continued involvement in finishing discovery."

As spelled out in the Court's Discovery Procedures, the Court will resolve specific discovery disputes brought to the Court's attention in a request for pre-motion telephonic conference – to be held when the Court is available, not when counsel deems the issue urgent.  The Court and Courtroom staff do not respond to unilateral email demands for relief.

In light of the foregoing, and due to Counsel's repeated informal emails to the CRD in violation of the Local Rules and this Court's procedures, Counsel is ORDERED TO SHOW CAUSE why sanctions should not be imposed for Counsel's repeated failure to comply with the Court's procedures.  Counsel's response is due **on or before June 22, 2023**.

Counsel can discharge this OSC by providing a declaration of **no more than three (3)** pages signed under penalty of perjury stating why she is unable to use the Court's stated discovery procedures, which require a joint brief statement of the parties' positions on the issue(s) and at least three mutually agreed proposed dates for a court conference.

Failure to timely comply with this OSC will result in the imposition of sanctions.


IT IS SO ORDERED.

|  |  :  |
|---|---|
| **Initials of Preparer** | gr |